UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22538-CMA

CARLOS BRITO,

    Plaintiff,

v.

SUNSHINE GASOLINE DISTRIBUTORS, INC.
and LAGO EXPRESS, INC.,

    Defendants.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Lago Express, Inc., answers Plaintiff's Complaint.

## JURISDICTION, PARTIES AND VENUE

1.    Defendant admits that Plaintiff has sought to bring a claim pursuant to 42 U.S.C. §§ 12181, et seq., 28 U.S.C. §§ 2201 and 2202 but denies that Plaintiff is entitled to such recovery.

2.    Defendant admits that this Court has original jurisdiction over Plaintiff's claims but denies that Plaintiff is entitled to recover under those claims.

3.    Defendant admits that this Court may render declaratory judgment pursuant to a claim brought under 42 U.S.C. §12181, et seq. To the extent Plaintiff has intended to allege this Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 2201 and 2202 alone, Paragraph 3 of the Complaint is denied because 28 U.S.C. §§2201 and 2202 are not independent sources of this Court's jurisdiction.

4.    Defendant lacks sufficient information to admit or deny the allegations of Paragraph 4 of the Complaint, and all such allegations are therefore denied.

COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

5. Defendant admits Sunshine operates a retail business at 2445 W Flagler St., Miami, FL. All other allegations are denied.

6. Paragraph 6 of the Complaint is admitted.

7. Defendant admits it operates the subject place of accommodation. All other allegations are denied.

8. Paragraph 8 of the Complaint is admitted.

9. Defendant admits venue is proper because Plaintiff alleges that the cause of action arose in Miami-Dade County and that Defendants regularly conduct business in Miami-Dade County. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 9 of the Complaint, and all such allegations are therefore denied.

## FACTUAL ALLEGATIONS

10. Paragraph 10 of the Complaint is denied.

11. Paragraph 11 of the Complaint is denied.

12. Defendant admits the ADA prohibits discrimination on the basis of disability as defined under the statute. The remaining allegations of Paragraph 12 are denied as phrased.

13. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 13 of the Complaint, and all such allegations are therefore denied.

14. Defendant admits Sunshine oversees the Commercial Property and that this Defendant operates the gas station business within the Commercial Property. All other allegations are denied.

15. Paragraph 15 of the Complaint is admitted.

16. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 16 of the Complaint, and all such allegations are therefore denied.

17. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 17 of the Complaint, and all such allegations are therefore denied.

18. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 18 of the Complaint, and all such allegations are therefore denied.

19. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 19 of the Complaint, and all such allegations are therefore denied.

20. Defendant admits Sunshine owns the subject Commercial Property. All other allegations are denied

21. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 21 of the Complaint, and all such allegations are therefore denied.

22. Defendant admits they are subject to the provisions of the ADA. As to whether any ADA violations exist on the subject property, Defendant lacks sufficient information to admit or deny those allegations of Paragraph 22 of the Complaint, and all such allegations are therefore denied.

23. Defendants lacks sufficient information to admit or deny the allegations of Paragraph 23 of the Complaint, and all such allegations are therefore denied.

24. Paragraph 24 of the Complaint is denied.

## ADA VIOLATIONS

25. Defendant repeats and reasserts each and every response provided to the allegations in Paragraph 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

26. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 26, including subsections (A)(i)-(ii); B(i); and C(i)-(iv), and all such allegations are therefore denied.

## RELIEF SOUGHT AND THE BASIS

27. Paragraph 27 of the Complaint simply provides Plaintiff's thoughts and commentary on its purported entitlement to a site inspection pursuant to Fed. R. Civ. P. 34, and, in its current form, cannot be admitted or denied. To the extent a response is possible, all allegations are denied.

28. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 28 of the Complaint, and all such allegations are therefore denied.

29. At this time, it has not been determined by Defendant whether any barriers exist on the subject property, whether the removal of such barriers are readily achievable, whether any modifications are required to be made or whether such modifications will be feasible. Defendant therefore lack sufficient information to admit or deny the allegations of Paragraph 29 of the Complaint, and all such allegations are therefore denied.

30. Defendant admits the ADA provides injunctive relief as a remedy, but denies Plaintiff entitled to such relief. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 30 of the Complaint, and all such allegations are therefore denied.

31. At this time, it has not been determined by Defendant whether any barriers exist on the subject property, whether the removal of such barriers are readily achievable, whether any modifications are required to be made or whether such modifications will be feasible. Defendant therefore lacks sufficient information to admit or deny the allegations of Paragraph 31 of the Complaint, and all such allegations are therefore denied.

32. Paragraph 32 of the Complaint is denied.

33. Defendant admits this Court has the authority to grant Plaintiff injunctive relief pursuant to 42 U.S.C. § 12188 but deny Plaintiff is entitled to any such recovery.

34. All allegations in the Complaint that are not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

35. As a First Affirmative Defense, Defendant states that to the extent any of the alleged acts or omissions were committed by Defendant, the Plaintiff is not entitled to the requested injunctive relief to the extent the accessibility features in question relate to compliance with state and/or local law, rules, regulations and ordinances, zoning, code, health and safety, or building regulations that preclude the modifications requested by the Plaintiff.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of July 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendants Sunshine Gasoline Distributors, Inc.,* and *Lago Express, Inc.*
> Cole, Scott & Kissane Building
> 9150 South Dadeland Boulevard, Suite 1400
> P.O. Box 569015
> Miami, Florida 33256
> Telephone (305) 350-5338
> Facsimile (305) 373-2294
> Primary e-mail: edward.polk@csklegal.com
> Secondary e-mail: marc.rapaport@csklegal.com
>
> By: s/ *Edward S. Polk*
> EDWARD S. POLK
> Florida Bar No.: 239860
> MARC RAPAPORT
> Florida Bar No.: 1008359